UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER LEE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., et al.,<br><br>　　　　Defendants. | Case No.  15-cv-04562-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>[Re: ECF No. 13] |

Defendants Hertz Corporation and its subsidiary, Dollar Thrifty Automotive Group, move to stay this matter pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). For the following reasons, the motion is GRANTED.

Plaintiffs Peter Lee and Latonya Campbell filed a putative class action complaint in California Superior Court, County of San Francisco, on behalf of themselves and similarly situated persons against Defendants, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. *See generally* Complaint ("Compl.," ECF No. 1, Exh. 1). Lee and Campbell each allege that, in the course of the hiring process, Defendants failed to give them a consumer credit disclosure statement "in a document that consists solely of the disclosure," as required under 15 U.S.C. § 1681b(b)(2)(A)(i). *Id.* ¶¶ 107–10. They also allege that Defendants rescinded their conditional offers of employment following the results of a criminal background check, without giving Plaintiffs notice prior to taking "adverse action," as required under 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii). *Id.* ¶¶ 100–06. In their Complaint, Plaintiffs seek only statutory and punitive damages under 15 U.S.C. § 1681n(a) for willful violations of the FCRA. *Id.* Prayer for Relief. Defendants removed the case to the Northern District of California on the basis of federal question jurisdiction, and now request to stay the matter pending the Supreme Court's decision in *Spokeo*. Notice of Removal (ECF No. 1); Motion to Stay Action Pending Resolution

of *Spokeo* by U.S. Supreme Court (ECF No. 13).

In *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), the Ninth Circuit held that the plaintiff there had sufficiently alleged Article III standing by merit of his claims for willful violations of the FCRA, regardless of whether he had sufficiently alleged actual harm. *Id.* at 414. The Supreme Court granted a petition for writ of certiorari to review the following question: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *Spokeo, Inc. v. Robins*, 13-1339, "Question Presented," *available at* http://www.supremecourt.gov/qp/13-01339qp.pdf. Defendants request that the Court stay the matter because the Supreme Court's decision in *Spokeo* could deprive Plaintiffs of standing and could therefore deprive this Court of subject matter jurisdiction. The Court agrees that staying the matter would be appropriate in this circumstance.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis,* 299 U.S. at 254). The moving party has the burden of proving such a stay is justified. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Determining whether to grant a motion to stay requires the district court to weigh the competing interests affected by either granting or denying the motion. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of California, Ltd.,* 593 F.2d 863–64 (9th Cir. 1979)). "Among these competing interests are (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law

which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

Based on the submissions of the parties, the Court finds that the *Landis* factors weigh in favor of staying this action pending the Supreme Court's decision in *Spokeo*. Contrary to Plaintiffs' assertions, the outcome of *Spokeo* may have a determinative effect on this Court's jurisdiction over the case. *Spokeo* will address whether, as a matter of law, Plaintiffs have standing to bring this claim, and therefore, whether this Court may continue to hear the matter. Should the Supreme Court reverse the Ninth Circuit's decision in *Spokeo*, such a decision may have serious implications not only for Plaintiffs' own individual standing, but also for the predominance and superiority requirements necessary for Rule 23(b)(3) class certification. *See Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015).

Plaintiffs argue that *Spokeo* bears little on this case because Defendants rescinded their conditional offers of employment following the outcome of their criminal background checks. Opposition ("Opp.," ECF No. 15) at 5–7. However, the Court notes that Plaintiffs do not allege that the decision to rescind those conditional offers would have been different but for Defendants' non-compliance with the FCRA. For instance, they do not allege that their respective criminal background reports contained inaccurate information, nor do they allege that Defendants' proper disclosure and notice would have preserved their conditional offers. Rather, Plaintiffs' claims hinge on the statutory violation of notice and disclosure procedures set forth in the FCRA, Compl. ¶¶ 100–10, and seek statutory and punitive damages available only under the FCRA, *id.* Prayer for Relief.[1]

Furthermore, the Court finds that the possible damage which may result from granting the stay is minimal. Plaintiffs argue that in the period of months between now and when the Supreme

---

[1] Plaintiffs also argue that granting a stay amounts to rewarding Defendants' efforts at "jurisdictional gamesmanship," since Defendants had removed this case from California Superior Court to this Court. This argument is unpersuasive. Plaintiffs, as "the master of the complaint," *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002), could have avoided federal jurisdiction by exclusive reliance on state law, but chose not to do so. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Instead, they initiated a cause of action in state court based on federal law. *See generally* Compl. Defendants had simply exercised their right to defend Plaintiffs' federal claim in a federal forum. 28 U.S.C. §§ 1331 and 1441(a).

3

1  Court decides *Spokeo*, "such a long period of time" may degrade evidence, as "memories fade, and
2  defense witnesses . . . may leave Hertz's employ or become otherwise unfindable." Opp. at 10.
3  The Court finds this argument unconvincing. The allegations in this litigation primarily concern
4  documents regarding Defendants' compliance or non-compliance with the FCRA. Such
5  documentary evidence can be preserved and may be discovered in the due course of litigation.
6  Moreover, to the extent Plaintiffs expect to rely on witnesses, the Court finds that the period of
7  several months from now until *Spokeo* is decided is not substantial, and is unlikely to cause
8  material harm. *See, e.g.*, *Larson*, 2015 WL 3945052, at *8 (staying FCRA litigation pending
9  *Spokeo*, and explaining that "it is implausible that a one-year delay will cause" "witnesses [to]
10 become difficult to locate, or [that they] will forget their testimony as their 'memories fade'").

11     The potential prejudice to Plaintiffs and the putative class is minimal. Plaintiffs seek only
12 statutory and punitive damages stemming from Defendants' conduct. Because this case is in its
13 early stages, the deadlines affected by any such stay are few. And, because the Supreme Court
14 will likely issue *Spokeo* within the next several months, the stay would be of a definite and limited
15 duration. On the other hand, the potential prejudice to Defendants is significant. If this case were
16 to continue, Defendants would be made to defend a nationwide putative class action that could be
17 rendered moot. Doing so would require Defendants to undertake significant time, effort, and
18 expenses to engage in discovery and potential class certification briefing. Moreover, continuing
19 the matter in spite of *Spokeo* would be an inefficient use of limited judicial resources, as the Court
20 would have to review the adequacy of pleadings, resolve discovery disputes, and consider class
21 certification in a case that it may not have subject matter jurisdiction to entertain.

22     For these reasons, the Court agrees with the decisions from courts in this and other districts
23 finding that a stay was appropriate pending the Supreme Court's decision in *Spokeo*. *See, e.g.*,
24 *Larroque v. First Advantage Lns Screening Sols., Inc.*, No. 15-CV-04684-JSC, 2016 WL 39787, at
25 *1 (N.D. Cal. Jan. 4, 2016) (staying FCRA matter pending *Spokeo*); *Larson*, 2015 WL 3945052, at
26 *1 (N.D. Cal. June 26, 2015) (same); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. &*
27 *Annuity Corp.*, No. CV 15-04767-AB (JCX), 2015 WL 6579779, at *2 (C.D. Cal. Oct. 19, 2015)
28 (same); *Stone v. Sterling InfoSystems, Inc.,* No. 2:15–cv–00711–MCE–DAD, 2015 WL 4602968,

United States District Court
Northern District of California

1    at *3 (E.D. Cal. July 29, 2015) (same).

2        For the foregoing reasons, further proceedings in this Court are hereby STAYED pending the Supreme Court's ruling in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).  Defendants are ORDERED to inform this Court of the status of this case no later than ten (10) days after a decision is reached in *Spokeo*.

       **IT IS SO ORDERED.**

Dated: February 26, 2016

_____
BETH LABSON FREEMAN
United States District Judge